2021CV00049

e-Filed 1/9/2021 10:12 PM

*Tiki Brown*
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
Janice Miller

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

CAROL RODGERS,

     Plaintiff,

     v.

GERALD ENGLISH and VARIETY
WHOLESALERS, INC.,

     Defendants.

CIVIL ACTION NO. 2021CV00049

JURY TRIAL DEMANDED

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff CAROL RODGERS, and files this Complaint for Damages against Defendants GERALD ENGLISH and VARIETY WHOLESALERS, INC., showing this Honorable Court the following:

### VENUE AND PARTIES

1.

Defendant Gerald English is a resident of Wayne County, North Carolina, residing at 220 Antioch Road, Goldsboro, North Carolina, 27534, and by virtue of the facts alleged herein, and as a joint tortfeasor, is subject to the jurisdiction of this Court pursuant to O.C.G.A. § 9-10-91. Defendant English may be personally served at his place of residence.

2.

Defendant Variety Wholesalers, Inc., is a foreign, for profit corporation authorized to transact business in the State of Georgia with its principal place of business at 218 S. Garnett Street, Henderson, North Carolina, 27536. Defendant is subject to the jurisdiction of this Court as a resident Defendant and a joint tortfeasor pursuant to O.C.G.A. § 9-10-31 (a). Defendant Variety Wholesalers, Inc., may be served by delivering a copy of the Summons and Complaint to its

registered agent, CSC of Cobb County, Inc., 192 Anderson Street SE, Suite 125, Marietta, Cobb County, Georgia, 30060.

3.

Defendant Variety Wholesalers, Inc., is a commercial motor common carrier as defined by O.C.G.A. § 40-1-50 *et seq.*

4.

Jurisdiction and venue are proper in this Court as to all Defendants as a result of the collision that caused Plaintiff's damages occurring in Clayton County, Georgia, on April 16, 2019.

5.

At all times relevant to the allegations made herein, Defendant Gerald English was operating a tractor and trailer owned by Defendant Variety Wholesalers, Inc.

6.

Defendant Gerald English and Defendant Variety Wholesalers, Inc., were operating under the motor common carrier license, shield, and authorization of Defendant Variety Wholesalers, Inc., at all pertinent times to this Complaint, and Defendant Variety Wholesalers, Inc.'s authorization, shield, and DOT number were displayed on the tractor at the time of this collision.

7.

Defendant Gerald English was the agent, servant, or employee of Defendant Variety Wholesalers, Inc., at all pertinent times to this Complaint, and was acting within the scope of that employment at the time of the collision. Any negligence on the part of Defendant Gerald English is imputable to Defendant Variety Wholesalers, Inc., by virtue of vicarious liability, *respondeat superior*, as well as the laws of agency in Georgia.

8.

Venue and jurisdiction are proper in this Court.

## FACTUAL ALLEGATIONS

9.

Defendants have injured and damaged Plaintiff by reason of the facts set out below.

10.

On April 16, 2019, at approximately 9:56 p.m., Plaintiff Carol Rodgers was operating a 2012 Mercedes Benz and was traveling on Alma Court headed to Num Dae Mun Farmers Market. Plaintiff stopped at the stop sign in the right lane and then began to turn right into the parking lot.

11.

At approximately the same time, Defendant Gerald English was operating a 2012 International Prostar tractor and trailer owned by Defendant Variety Wholesalers, Inc., and was also stopped at the stop sign on Alma Court in the middle lane.  Defendant English attempted to turn right, without using his turn signal, and struck the front of Plaintiff's vehicle, tearing off the front bumper.

12.

At the time of the collision caused by Defendant Gerald English, Defendant English was driving the tractor and trailer with the express permission of Defendant Variety Wholesalers, Inc., and was acting in the course and scope of his employment with Defendant Variety Wholesalers, Inc.

13.

As a direct and proximate result of the collision complained of in this Complaint, Plaintiff Carol Rodgers sustained bodily injuries from which she did then suffer, now suffers, and will continue to suffer great pain of body and mind. Plaintiff shows further that she has incurred medical expenses and other special damages.

14.

Plaintiff shows that all of her injuries, damages and suffering are a direct result of and proximately caused by the negligence of the Defendants.

## COUNT I
### Negligence Against Defendant Gerald English

15.

Plaintiff incorporates each of the preceding paragraphs of this Complaint as if fully set forth herein.

16.

At the time of the subject collision, Defendant Gerald English had a duty to other drivers on the roadway, including Plaintiff, to exercise ordinary care for the safety of others and to abide by all applicable state laws and federal rules and regulations applicable to him as an operator of a motor carrier.

17.

Defendant Gerald English breached these duties and was negligent in the following, among other, particulars:

a.) By failing to keep a proper lookout ahead;

b.) By failing to yield the right of way, in violation of O.C.G.A. § 40-6-72;

c.) By failing to exercise ordinary due care in the operation of a motor vehicle; and,

d.) By otherwise operating the tractor trailer in a negligent and unsafe manner.

## COUNT II
### Negligent Entrustment, Hiring, Retention & Supervision Against Defendant Variety Wholesalers, Inc.

18.

Plaintiff incorporates each of the preceding paragraphs of this Complaint as if fully set forth herein.

19.

At the time of the incident giving rise to this Complaint, Defendant Variety Wholesalers, Inc., owned and had control over the tractor and trailer being driven by Defendant Gerald English, and Defendant Gerald English was operating the tractor-trailer with the consent, permission, and knowledge of Defendant Variety Wholesalers, Inc.

20.

Defendant Variety Wholesalers, Inc., had a duty to exercise ordinary care in the selection, retention, training and supervision of employees and not to retain them after knowledge of incompetency for the work to be performed.

21.

Prior to hiring Defendant Gerald English, during his employment and at all times leading up to and including the subject incident, Defendant Variety Wholesalers, Inc., was aware or should have been aware of Defendant Gerald English's propensity to operate a commercial motor vehicle in a negligent or reckless or otherwise unsafe manner, such that he was not suited for the particular employment, yet permitted Defendant Gerald English to operate the tractor and trailer.

22.

Defendant Variety Wholesalers, Inc., was negligent in the following particulars:

a.) In negligently entrusting Defendant Gerald English with the operation of its tractor and trailer;

b.) In negligently hiring and retaining Defendant Gerald English;

c.) In failing to adequately train and supervise Defendant Gerald English; and,

d.) Defendant was otherwise negligent.

23.

As a result of Defendant Gerald English's propensities to unsafely operate a commercial motor

vehicle, Plaintiff's injuries were foreseeable to Defendant Variety Wholesalers, Inc.

## COUNT III
## Respondeat Superior Liability of Defendant Variety Wholesalers, Inc.

24.

Plaintiff incorporates each of the preceding paragraphs of this Complaint as if fully set forth herein.

25.

At the time of the incident giving rise to this Complaint, Defendant Gerald English was employed by Defendant Variety Wholesalers, Inc., and was acting in furtherance of his employer's business.

26.

Under Georgia law, Defendant Variety Wholesalers, Inc., is liable for the injuries and damages caused to Plaintiff by the negligence of Defendant Gerald English.

27.

As a direct and proximate result of the negligence of Defendants, Plaintiff sustained bodily injuries from which she did then suffer, now suffers, and will continue to suffer great pain of body and mind. Plaintiff shows further that she has incurred medical expenses and other special damages.

## COUNT IV – DAMAGES

28.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 27 above as if fully restated.

29.

As a result of Defendants' negligence, Plaintiff has a claim for past and future medical expenses and past and future lost wages.

30.

As a result of Defendants' negligence, Plaintiff has suffered severe and permanent injuries and has a claim for past and future pain and suffering.

## COUNT V – PUNITIVE DAMAGES

31.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 30 above as if fully restated.

32.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff to an award of punitive damages.

**WHEREFORE,** Plaintiff prays for the following relief:

A. That process and summons be issued, as provided by law, requiring Defendants to appear and to Answer Plaintiff's Complaint;

B. That Plaintiff have a trial by a fair and impartial jury of twelve members;

C. That Plaintiff obtain a judgment against Defendants in a just and reasonable amount to compensate Plaintiff for her injuries, damages and suffering;

D. That the costs of bringing this action be taxed against the Defendants; and,

E. That Plaintiff have such other and further relief as this Court shall deem just and proper.

**RESPECTFULLY SUBMITTED** this 9th day of January, 2021.

/s/ *Nathan Fitzpatrick*
Nathan Fitzpatrick
Georgia Bar No. 193119
Attorney for Plaintiff

THE FITZPATRICK FIRM, LLC
14 Lenox Pointe NE
Atlanta, GA  30324
Phone:  678-607-5550
Fax:  678-367-0101
nate@atlantasattorneys.com
admin@atlantasattorneys.com

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

CAROL RODGERS,                                          Civil Action File No.
                                                       2021CV00049
                    Plaintiff,

v.

GERALD ENGLISH AND
VARIETY WHOLESALERS, INC.,

                    Defendants.

_____/

## ANSWER OF DEFENDANTS

COME NOW, Defendants GERALD ENGLISH and VARIETY WHOLESALERS, INC. and make this Answer to Plaintiff's Complaint as follows:

## FIRST DEFENSE

Jurisdiction is not proper as to Gerald English.

## SECOND DEFENSE

Venue is not proper as to Gerald English.

## THIRD DEFENSE

Jurisdiction is not proper as to Variety Wholesalers, Inc.

## FOURTH DEFENSE

Venue is not proper as to Variety Wholesalers, Inc.

Page -1-

## FIFTH DEFENSE

Plaintiff's claims are barred by insufficiency of service and insufficiency of process as to Variety Wholesalers, Inc.

## SIXTH DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

## SEVENTH DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

## EIGHTH DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiff is not entitled to recover from Defendants.

## NINTH DEFENSE

Defendants deny that they were negligent in any manner whatsoever or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## TENTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby

barred from recovering against Defendants.

## ELEVENTH DEFENSE

Plaintiff's claim for punitive damages is barred as a matter of law.

## TWELFTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the deprivation of property without due process of law.  (U.S. Const. amends V and XIV; Ga. Const. Art. 1, Section 1, Para. 1). Specifically, said statutes fail to define or provide advance notice of the prohibited behavior with reasonable clarity, fail to specify the upper limit of damages to be imposed, fail to set standards or criteria for the jury to apply in determining whether to impose punitive damages and, if so, the amount thereof.  These defects in the statutes, <u>inter alia</u>, leave to the unbridled discretion of a random jury whether to impose such damages and the amount thereof, thereby authorizing an award of aggravated, exemplary, or punitive damages which is unpredictable, arbitrary, capricious, and disproportionate.

## THIRTEENTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes deny this Defendant equal protection of the laws by providing fewer protections for civil litigants than the criminal laws provide to persons accused of violation of criminal statutes which provide for the imposition of monetary fines.  (U.S. Const. Amend. XIV, Ga. Const. Art. 1, Section 1, Para. 2). Specifically, said statutes inter alia, fail to define or provide advance notice of the prohibited behavior with reasonably clarity whereas criminal defendants are entitled to such notice; said statutes fail to specify the upper limit of damages to be imposed whereas criminal statutes imposing similar penalties must be limited; said statutes allow imposition of such damages upon the "preponderance of the evidence" rather than the "beyond a reasonable doubt" standard applied in similar criminal cases;  and said statutes contemplate the imposition of such damages against civil litigants who have been compelled to give evidence against themselves under the Georgia Civil Practice Act whereas criminal defendants in similar cases cannot be so compelled.

## FOURTEENTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes allow for the imposition of an excessive fine.  (U.S. Const. Amend. VIII and XIV; Ga. Const. Art. 1, Section 1, Para. 1.)

## FIFTEENTH DEFENSE

The statutes of the State of Georgia which authorize the imposition of aggravated, exemplary, or punitive damages are contrary, by their express terms and as they may be applied to the Defendant in this case, to the Constitution of the United States of America, and the Georgia Constitution and are, therefore, void inasmuch as said statutes do not provide fair notice of (1) the severity of the potential punishment in relationship to the alleged degree of reprehensible conduct of Defendant, (2) the ratio of punitive damages award to the actual harm inflicted upon the Plaintiff, and (3) a comparison between the award and the civil or criminal penalties that could be imposed for comparable alleged misconduct.  See BMW of North America, Inc. v. Gore, 116 U.S. 415, 133 L.Ed.2d 333, 115 S.Ct. 932 (1966); BMW of North America, Inc. v. Gore, 116 S.Ct. 1589 (1996); and Pacific Mutual Life

<u>Ins. Co. v. Haslip</u>, 499 U.S. 1, 113 L.Ed.2d 1, 111 S.Ct. 1032 (1991).

<u>SIXTEENTH DEFENSE</u>

Defendants respond to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendants deny the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2.

Defendants deny the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3.

Defendants deny the allegations contained in paragraph 3 of the Plaintiff's Complaint, as stated.  Variety Wholesalers, Inc. is classified as a contract carrier of property.

4.

Defendants deny the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5.

Defendants admit the allegations contained in paragraph 5 of the Plaintiff's Complaint.

6.

Defendants deny the allegations contained in paragraph 6 of the Plaintiff's Complaint, as stated.  Variety Wholesalers, Inc. is classified as a contract carrier of property.

7.

Defendants deny the allegations contained in paragraph 7 of the Plaintiff's Complaint, as stated.

8.

Defendants deny the allegations contained in paragraph 8 of the Plaintiff's Complaint.   Jurisdiction and venue are now proper in the United States District Court, Northern District of Georgia, Atlanta Division.

9.

Defendants deny the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10.

Defendants deny the allegations contained in paragraph 10 of Plaintiff's

Complaint.

11.

Defendants deny the allegations contained in paragraph 11 of the Plaintiff's
Complaint.

12.

Defendants deny the allegations contained in paragraph 12 of the Plaintiff's
Complaint.

13.

Defendants deny the allegations contained in paragraph 13 of the Plaintiff's
Complaint.

14.

Defendants deny the allegations contained in paragraph 14 of the Plaintiff's
Complaint.

15.

Defendants incorporate each of the preceding paragraphs of this Answer as
if fully set forth herein.

16.

Defendants deny the allegations contained in paragraph 16 of the Plaintiff's
Complaint, as stated.

17.

Defendants deny the allegations contained in paragraph 17 of the Plaintiff's Complaint, including subparagraphs a.), b.), c.) and d.) thereof.

18.

Defendants incorporate each of the preceding paragraphs of this Answer as if fully set forth herein.

19.

Defendants deny the allegations contained in paragraph 19 of the Plaintiff's Complaint, as stated.

20.

Defendants deny the allegations contained in paragraph 20 of the Plaintiff's Complaint, as stated. The applicable case law speaks for itself.

21.

Defendants deny the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22.

Defendants deny the allegations contained in paragraph 22 of the Plaintiff's Complaint, including subparagraphs a.), b.), c.) and d.) thereof.

23.

Defendants deny the allegations contained in paragraph 23 of the Plaintiff's Complaint.

24.

Defendants incorporate each of the preceding paragraphs of this Answer as if fully set forth herein.

25.

Defendants admit the allegations contained in paragraph 25 of the Plaintiff's Complaint, as to the date of the alleged incident.

26.

Defendants deny the allegations contained in paragraph 26 of the Plaintiff's Complaint.

27.

Defendants deny the allegations contained in paragraph 27 of the Plaintiff's Complaint.

28.

Defendants incorporate each of the preceding paragraphs of this Answer as if fully set forth herein.

29.

Defendants deny the allegations contained in paragraph 29 of the Plaintiff's Complaint.

30.

Defendants deny the allegations contained in paragraph 30 of the Plaintiff's Complaint.

31.

Defendants incorporate each of the preceding paragraphs of this Answer as if fully set forth herein.

32.

Defendants deny the allegations contained in paragraph 32 of the Plaintiff's Complaint.

33.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

34.

Defendants deny Plaintiff's prayer for relief, including subparagraphs A., B., C., D., and E. thereof.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with

all costs cast upon the Plaintiff.  DEFENDANTS DEMAND TRIAL BY A JURY OF

TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.


McLAIN & MERRITT, P.C.


 /s/   Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088


  /s/ Albert J. DeCusati
Albert J. DeCusati
Georgia Bar No. 215610
Attorneys for Defendants
GERALD ENGLISH
VARIETY WHOLESALERS, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT GERALD ENGLISH AND VARIETY WHOLESALERS, INC. has this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the __5th__ day of February, 2021.

McLAIN & MERRITT, P.C.


_/s/ Howard M. Lessinger___
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendants
GERALD ENGLISH
VARIETY WHOLESALERS, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com